UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

        Plaintiff,

v.

PAUL H. DANIEL, et al.,

        Defendant.

CASE NO. 3:21-CV-5335-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: June 18, 2021

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff James Anthony Williams' Declaration and Application to Proceed *In Forma Pauperis* ("Motion"). Dkt. 5. After reviewing the Motion, the Court concludes Plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Therefore, the Court recommends Plaintiff's Motion (Dkt. 5) be denied and Plaintiff be directed to pay the $400.00 filing fee in order to proceed with this action.

REPORT AND RECOMMENDATION - 1

## I. Background

Plaintiff, who is a Washington State prisoner currently incarcerated at the Washington State Penitentiary ("WSP"), filed the Motion and proposed complaint in this civil rights action on May 6, 2021. Dkt. 1, 1-1. Plaintiff corrected his IFP deficiency on May 17, 2021. Dkt. 5.

In the proposed complaint, Plaintiff alleges that, while he was housed at the Washington State Penitentiary ("WSP"), Defendants denied Plaintiff 58 meals between November 2020 and January 2021. Dkt. 1-1. Plaintiff alleges his pro bono attorney is already suing the Washington Department of Corrections ("DOC") for the denial of seven meals, and this lawsuit pertains to the remaining 51 meals he was denied. *Id.* Plaintiff contends he lost 29 pounds in 34 days and has had more heart palpitations. *Id.* Plaintiff also alleges he smeared feces in his cell, and it was left contaminated by prison staff. *Id.*

Plaintiff's proposed complaint is one in a long series of complaints he has filed alleging various defendants at several DOC facilities are violating his Eighth Amendment rights by forcing him or allowing him to live in cells contaminated with feces, illegally holding him solitary confinement, and denying him adequate food and housing. Dkt. 1-1. Plaintiff acknowledges he has a pending lawsuit in this district over similar claims. *Id. See Williams v. Sinclair,* Case No. 3:19-cv-50450-BHS-TLF.

## II. Discussion

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs *in forma pauperis* ("IFP") proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for

REPORT AND RECOMMENDATION - 2

prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

Plaintiff acknowledges he has incurred three strikes. Dkt. 1-1 at 6. In addition, the undersigned finds the following cases, which were filed while Plaintiff was incarcerated and dismissed for failure to state a claim prior to Plaintiff initiating this lawsuit, constitute strikes: *Williams v. Portine*, Case No. 2:11-cv-1214-JCC (W.D. Wash.); *Williams v. Neely*, Case. No. 2:15-cv-489-BJR (W.D. Wash.); and *Williams v. Collins*, Case No. 2:15-cv-735-MJP (W.D. Wash.).[1] *See also Williams v. Sinclair*, Case No. 2:19-cv-345-JCC (W.D. Wash., April 5, 2019)

---

[1] The Court notes the Eastern District of Washington has also determined the three cited cases are strikes and has denied Plaintiff IFP status. *See Williams v. Holbrook*, Case No. 4:16-cv-5086-SAB (E.D. Wash.).

(finding Plaintiff had incurred three strikes and recommending Plaintiff's application to proceed IFP be denied). The Court also finds Plaintiff initiated at least three cases while incarcerated that were dismissed for failure to obey a court order after Plaintiff failed to amend deficient complaints and was warned that the failure to do so could result in dismissal of the complaints under § 1915. *See Williams v. Warner*, Case No. 3:17-cv-5615-BHS (W.D. Wash.); *Williams v. Gage*, Case No. 3:17-cv-6076-RBL (W.D. Wash.); *Williams v. Cogburn*, Case No. 3:17-cv-6077-BHS (W.D. Wash.). As the Court placed Plaintiff on notice that he had failed to state a claim, these dismissals also arguably count as strikes under Ninth Circuit precedent. *See Harris v. Mangum*, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

As Plaintiff has incurred at least three strikes, he may not proceed IFP unless he can show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1053 ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Cervantes*, 493 F.3d at 1056. The Ninth Circuit has held that "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat to her is real and proximate. *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Plaintiff has not made a credible showing that he was in imminent danger of serious physical injury at the time he filed this case. The claims asserted in this action relate to three month period between November 2020 and January 2021 when Plaintiff was denied meals at

WSP. Dkt. 1-1 at Plaintiff also alleges during the same time frame he smeared feces on his cell wall and prison staff only pretended to clean up the mess but left the cell contaminated. Dkt. 1-1 at 15. The claims do not pertain to Plaintiff's current conditions of confinement at WSP.

Nonetheless, Plaintiff asserts he is in imminent danger because the denial of food is a "continuing problem" for the past twelve years, and "continues to this day." Dkt. 1-1 at 8. However, Plaintiff includes a detailed list of the dates he was denied meals, which clearly stops in January 2021. Dkt. 1-1 at 9-12. Plaintiff does not specifically allege he is currently being denied any meals. *See id.*

Incidents of past harm, such as alleged by Plaintiff in his proposed complaint, are insufficient as is his conclusory allegation of imminent danger. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed."); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)."); *Cervantes*, 493 F.3d at 1056; *Diaz v. Sherman,* 2016 WL 11218938, at *2 (E.D. Cal. Apr. 14, 2016), *report and recommendation adopted*, 2016 WL 8673044 (E.D. Cal. Aug. 5, 2016) (allegation of past denial of food was insufficient to allege imminent danger).

Moreover, Plaintiff states he has raised similar claims in a complaint he filed in 2019, which is still pending before another judge in this district. To the extent the proposed complaint raises the same claims, it should be dismissed as duplicative.

In this Court's view, Plaintiff's claims of imminent danger are speculative at best and therefore insufficient to satisfy the imminent danger exception to the § 1915(g) bar.

### III.   Conclusion

For the above stated reasons, the Court finds Plaintiff has incurred at least three strikes under 42 U.S.C. § 1915(g) and has not shown the imminent danger exception applies. Therefore, the Court recommends Plaintiff's Motion (Dkt. 5) be denied. The Court further recommends Plaintiff be ordered to pay the $400.00 filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted and, if the fee is not paid, dismiss this case without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 18, 2021, as noted in the caption.

Dated this 3rd day of June, 2021.

David W. Christel
United States Magistrate Judge